```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION
```

MELVIN THOMAS,                   )
                                 )
            Petitioner,          ) Case No. CV 10-0857-RSWL(AJW)
                                 )
       v.                        )
                                 )
SIERRA CONSERVATION PRISON,      ) MEMORANDUM AND ORDER
                                 ) DISMISSING PETITION
            Respondent.          )
_____)

In 1996, petitioner was convicted of possession of cocaine. Pursuant to the Three Strikes law, he was sentenced to state prison for a term of 25 years to life. [Petition at 2]. In 2003, petitioner filed a habeas petition in this Court challenging that 1996 conviction. See Case No. CV 03-517-RSWL(AJW).[1] That petition was dismissed with prejudice on July 28, 2003, because it was not filed within the AEDPA's one year limitation period. Petitioner did not attempt to appeal that judgment. On February 5, 2010, petitioner filed this habeas petition, which also seeks to challenge his 1996 conviction.

---

[1] The Court takes judicial notice of the official court files. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

A federal court must dismiss a successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition satisfies those requirements. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the Court of Appeals, this Court lacks jurisdiction to consider the merits of a successive petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Dismissal of a habeas petition for failure to comply with the statute of limitation renders subsequent petitions challenging the same conviction successive. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Because petitioner previously filed a federal habeas petition challenging his 1996 conviction that was denied as untimely, this new petition constitutes a successive petition. As a result, petitioner is required to move in the Court of Appeals for an order authorizing this Court to consider the petition. 28 U.S.C. §

2244(b)(3)(A).[2]

Petitioner has not shown that he has obtained permission from the Court of Appeals to file a successive petition challenging his 1996 conviction. Accordingly, the petition is dismissed without prejudice to petitioner's right to seek the necessary authorization from the Court of Appeals.

Dated:  02-26-10

RONALD S.W. LEW
Ronald S.W. Lew
Senior, U.S. District Court Judge

---

[2] To the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court. See 28 U.S.C. § 2244(b)(3)(A)&(C).